1  Andrew B. Levin CA Bar No. 307199
   andy.levin@ogletree.com
2  Ricardo R. Bours CA Bar No. 325020
   ricardo.bours@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  Esplanade Center III, Suite 800
   2415 East Camelback Road
5  Phoenix, AZ  85016
   Telephone:  602-778-3700
6  Facsimile:   602-778-3750

7  Attorneys for Defendant
   Taylor Farms Retail, Inc.
8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| Silvia Lopez Armenta, Maria Castro Garcia, and Enedina De La Torre on behalf of themselves and all similarly aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>Taylor Farms Retail, Inc.; and Does 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT TAYLOR FARMS RETAIL, INC.'S NOTICE OF REMOVAL**<br><br>[*Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Certificate of Interested Parties; Declaration of Ricardo R. Bours; Declaration of Teresa Perez*]<br><br>Complaint Filed:  June 14, 2023<br>Trial Date:          None Set |
|---|---|

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS SILVIA LOPEZ ARMENTA, MARIA CASTRO GARCIA, AND ENEDINA DE LA TORRE, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and removal jurisdiction under 28 U.S.C. §§ 1441(a), and 1446, Defendant Taylor Farms Retail, Inc. ("Defendant") hereby removes this action, originally filed as Case No. 23CV001891 in the Superior Court of the State of California for the County of Monterey, to the United States District Court for the Northern District of California. Defendant denies the allegations and relief sought in

the Plaintiffs' operative Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in Defendant's favor, including that Plaintiffs and members of the putative class are bound by arbitration agreements. Defendant does not concede, and specifically reserves, its right to contest the suitability of this lawsuit for certification as a class action. Removal is proper for the reasons explained below.

## TIMELINESS OF REMOVAL

1. Plaintiffs Silvia Lopez Armenta ("Armenta"), Maria Castro Garcia ("Garcia"), and Enedina De La Torre ("Enedina") (collectively, "Plaintiffs"), filed a putative Class Action Complaint against Defendant on June 14, 2023 in the Superior Court of the State of California for the County of Monterey, entitled *Silvia Lopez Armenta, Maria Castro Garcia, and Enedina De La Torre on behalf of themselves and all similarly aggrieved employees, Plaintiffs, v. Taylor Farms Retail, Inc.; and Does 1 through 50, inclusive, Defendants*, Case No. 23CV001891 (the "State Court Action"). (*See* Declaration of Ricardo R. Bours ["Bours Decl."], ¶ 2, **Exhibit A.**) On September 19, 2023, prior to serving the initial Complaint, Plaintiffs filed a First Amended Complaint ("Amended Complaint"). (*See* Bours Decl., ¶ 3, **Exhibit B**.)

2. Defendant received service of the Summons and Amended Complaint on January 24, 2024. Thus, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it was filed within 30 days of service of the Summons and Amended Complaint. True and correct copies of all other process, pleadings, and orders served upon Defendant in the State Court Action are attached as **Exhibit C** to the Bours Declaration, filed concurrently herewith.

3. Plaintiffs' Amended Complaint alleges four causes of action: (1) failure to pay minimum and overtime wages (Cal. Labor Code §§ 1194, 1197 and 1198; IWC Wage Order); (2) failure to reimburse business expenses (Cal. Labor Code § 2802); (3) a representative claim on behalf of Armenta and Garcia under the California Labor Code Private Attorneys' General Act ("PAGA Claim") for alleged violations of

California Labor Code sections 201, 202, 203, 204, 208, 216, 223, 226, 226.7, 233, 510, 512, 558, 1175, 1194, 1197, 1198, 1199, 2698, 2699(f), 2699(g), and 2802; and (4) unfair business practices under California Business and Professions Code §§ 17200 *et seq*. Plaintiffs' First Cause of Action for failure to pay minimum and overtime wages, Second Cause of Action for failure to reimburse business expenses, and Fourth Cause of Action for unfair business practices are referred to herein collectively as the "Class Claims."

4.  As set forth below, each cause of action in Plaintiffs' Amended Complaint is based on Defendant's alleged failure to timely pay all earned wages in violation of California Labor Code § 204. (Amended Complaint, ¶¶ 19, 20, 28(a), 36, 41, 50, and 55.)

5.  The Amended Complaint contains the following general allegation that applies to both the PAGA Claim and Class Claims: "Defendants maintained and enforced a uniform policy by which they regularly and consistently violated California Labor Code §§ 201, 202, 203, **_204_**, 1194, 1997, 1197.1, and the Wage Order by unlawfully refusing to pay wages to Plaintiff and the Class Members for the time spent calling or texting Defendants to ascertain their starting time for that workday and undergoing COVID-19 temperature checks." (Amended Complaint, ¶ 20) (emphasis added.)

6.  The PAGA Claim expressly seeks civil penalties and attorneys' fees, expenses, and costs for alleged violations of California Labor Code § 204. (Amended Complaint, ¶ 55.)

7.  Plaintiffs also contend that one of the common questions of law and fact for the Class Claims includes, "[w]hether Defendants violated California Labor Code § . . . **_204_** . . . by unlawfully refusing to pay at least minimum wage and/or overtime as compensation for any and all hours worked because of Defendant's illegal call-in policies and COVID-19 temperature checks." (Amended Complaint, ¶ 28(a) (emphasis added.)

**GROUNDS FOR REMOVAL**

8. Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Here, this Court has federal question jurisdiction over Plaintiffs' PAGA Claim and Class Claims because they are all rooted in violations of California Labor Code § 204, which is completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). To the extent any of the causes of action alleged in the Amended Complaint do not raise federal questions under § 301 of the LMRA, such claims are removable pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Specifically, Plaintiffs' claims for unpaid wages, expenses, and civil and/or statutory penalties are predicated upon the same facts and circumstances and form part of the same "case or controversy," such that they should all be tried in one action.

**A.   The District Court Has Federal Question Jurisdiction Over Plaintiffs' Claims.**

9. "By enacting the LMRA, Congress completely preempted state law for certain labor-related claims." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018). Section 301 of the LMRA "vests federal courts with jurisdiction to hear suits 'for violation of contracts between an employer and a labor organization representing employees . . . without respect to the amount in controversy or without regard to the citizenship of the parties.'" *Id.* (quoting 29 U.S.C. § 185(a)).

10. "[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23 (1983). A collective bargaining agreement ("CBA") is such a contract, and § 301 completely preempts all state law claims "founded directly on rights created by [CBAs]." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987).

11. The Ninth Circuit applies a two-step analysis to determine whether the LMRA preempts a state law claim. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018). First, "[i]f the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (citations omitted). Second, if the state law claim is "substantially dependent on analysis of a [CBA]," it is preempted. *Id.* at 1059–60 (quoting *Caterpillar*, 482 U.S. at 394).

**B. Plaintiffs' PAGA Claim and Class Claims Arising Under Section 204 are Preempted by the LMRA.**

12. Plaintiffs' PAGA Claim and Class Claims arising under California Labor Code section 204 are preempted by the LMRA because Plaintiffs' right to timely payment of wages exists solely as a result of the applicable CBA between Defendant and the General Teamsters Union Local 890 (the "Union"). (A true and correct copy of the CBA is attached to the Declaration of Teresa Perez ["Perez Decl."] as Exhibit 4 in support of this Notice of Removal.) (Perez Decl., ¶ 7.)

13. At all relevant times alleged in the Amended Complaint, the terms and conditions of Plaintiffs' employment with Defendant were subject to the CBA. (Perez Decl., ¶¶ 4-7.)

14. Plaintiffs' Amended Complaint seeks to certify a class of "[a]ll former employees of [Defendant] who were employed by [Defendant] in California at any time within four (4) years before the commencement of this action through the date on which final judgment is entered." (Amended Complaint, ¶ 24(A).) Therefore, Plaintiffs seek to represent hundreds of employees who are subject to the CBA.

15. California Labor Code section 204 establishes requirements for the timely payment of wages. Cal. Lab. Code § 204(a). However, pursuant to Labor Code section 204(c), "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees."

16. Several district courts have concluded that, "[w]hen a governing CBA provides for pay arrangements that differ from the statutory default and meets the requirements of a statutory exemption, that particular labor right 'exists solely as a result of the CBA.'" *Bradford v. Pro. Tech. Sec. Servs. Inc. (Protech)*, No. 20-CV-02242-WHO, 2020 WL 2747767, at *4 (N.D. Cal. May 27, 2020) (quoting *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019)); *Tolentino v. Gillig, LLC*, No. 20-CV-07427-MMC, 2021 WL 121193, at *3 (N.D. Cal. Jan. 13, 2021) ("[I]t is undisputed that the subject CBA provides for . . . the payment of wages on a weekly basis. . . . Consequently, [Plaintiff's] right to the timely payment of wages 'exists solely as a result [of] the CBA.'") (citation omitted); *Ariola v. Raytheon CA Techs. Corp.*, No. CV234664MWFAGRX, 2023 WL 5764296, at *9 (C.D. Cal. Sept. 6, 2023) ("Plaintiff's claim under section 204 [in both PAGA and class actions] is preempted under the first *Burnside* step because the claim seeks to vindicate a right that exists as a result of the CBA, and the Court need not proceed to step 2."); *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *4 (C.D. Cal. Nov. 22, 2019) ("[W]here a CBA provides for a different pay arrangement from that which exists under state law, a covered employee's right to timely payment 'exists solely as a result of the CBA.'") (citation omitted).

17. Plaintiffs' PAGA Claim and Class Claims all assert, and are thus based upon, an underlying violation of California Labor Code section 204. (Amended Complaint, ¶¶ 19, 20, 28(a), 36, 41, 50, and 55.) Plaintiffs' allegations under California Labor Code section 204 implicates collective bargaining considerations, as well as CBA exemptions under the California Labor Code.

18. Specifically, the applicable CBA between Defendant and the Union provides that "[w]ages shall be paid weekly, within six (6) days of the close of the pay period." (Perez Decl., ¶ 7, Ex. 4 at p. 17.) Plaintiffs were members of the Union during their employment with Defendant. (Perez Decl. ¶¶ 4-6, Ex. 1-3.)

19. Moreover, the CBA provides a grievance procedure, which is defined "as any dispute arising during the term of this Agreement between the Employer and the Union as to the application or interpretation of this Agreement," to resolve claims such as those under section 204:

> "The specified claims to be resolved under this Agreement include, but are not limited to, Labor Code Sections […] **204** […] or any other applicable wage order, any federal, state and local law concerning wage-hour requirements or wage payments,…. The parties hereby confirm their intent to incorporate each of the foregoing statutory and regulatory provisions into this Agreement, such that a violation of any of them shall be considered a violation of the Agreement.

(*Id.* ¶ 7, Ex. 4 at p. 7 (emphasis added).)

20. Therefore, because the CBA provides the sole remedy for the timely payment of wages, Plaintiffs' PAGA Claims and Class Claims arising under California Labor Code section 204 are preempted by the LMRA.

**C.  This Court Has Supplemental Jurisdiction Over Plaintiffs' Remaining Claims.**

21. Pursuant to 29 U.S.C. § 1367(a), supplemental jurisdiction is appropriate when state and federal claims "derive from a common nucleus of operative facts." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Van Bebber v. Dignity Health*, 1:19-cv-00264-DAD-EPG, 2019 WL 4127204, at *9 (E.D. Cal. Aug. 30, 2019) (exercising supplemental jurisdiction over a plaintiff's remaining causes of action because they arose out of the same employment relationship as their overtime claim).

22. As noted above, all of Plaintiffs' claims are subject to LMRA preemption. But even if all somehow were not preempted, that issue need not be resolved now, because it presents no barrier to removal. Any remaining claims are largely derivative from the preempted claims arising under California Labor Code section 204, and all arise from the common nucleus of operative facts that Plaintiffs and the putative class members suffered wage and hour violations. The Court should exercise supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a) given that the claims all derive out of these alleged facts, and to avoid needless expense of judicial resources and the potential for inconsistent judgments due to parallel proceedings.

23. Specifically, Plaintiffs' claims for unpaid wages, expenses, unfair competition, and civil and/or statutory penalties are predicated upon facts and circumstances that are inextricably intertwined with their claims arising under California Labor Code section 204. As a result, all the pleaded underlying Labor Code violations emanate from and form part of the same "case or controversy," such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990); *Jimenez v. Young's Market Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082 at *7 (N.D. Cal. Dec. 20, 2021) (noting, if only "some claims are completely preempted ... courts may find supplemental jurisdiction in the non-preempted claims if they arise out of a common nucleus of operative fact"). Courts routinely extend supplemental jurisdiction over wage and hour claims, even if they are not expressly subject to the LMRA preemption, on this basis. *See, e.g., Jimenez,* 2021 WL 5999082 at *7; *Landy*, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (extending supplemental jurisdiction over PAGA claims not covered by the CBA); *Sachs v. Pankow Operating, Inc.*, 2:21-cv-08998-AB (ADSx), 2022 WL 489696 at *6 (C.D. Cal. Feb. 16, 2022); *Armenta v. Stater Bros. Markets*, No. 5:20-cv-02364-MSC-KK, 2021 WL 1102444, at *3 (C.D. Cal. Mar. 23, 2021).

24. Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the

Amended Complaint, and Plaintiffs' claims are such that they "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

## **CONCLUSION**

For the foregoing reasons, Defendant hereby removes the above-entitled action to the United States District Court for the Northern District of California.

DATED: February 23, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Andrew B. Levin
Andrew B. Levin
Ricardo R. Bours

Attorneys for Defendant
Taylor Farms Retail, Inc.